Slip Op. 17- 43

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STEEL AND FASTENERS, INC., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>SHAKEPROOF ASSEMBLY COMPONENTS DIVISION OF ILLINOIS TOOL WORKS INC., <br><br>    Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge <br><br>Court No. 13-00270 |

## OPINION

[Sustaining the U.S. Department of Commerce's revised instructions suspending liquidation of merchandise subject to the final scope ruling on American Railway Engineering and Maintenance-of-Way Association washers.]

Dated: April 17, 2017

Ned Herman Marshak and Andrew T. Schutz, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, N.Y. and Washington, D.C., for Plaintiff United Steel and Fasteners, Inc.

Michael Damien Snyder, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Joanna Victoria Theiss, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

<u>Raymond Paul Paretzky</u> and <u>David John Levine</u>, McDermott, Will & Emery, LLC, of Washington, D.C., for Defendant-Intervenor Shakeproof Assembly Components Division of Illinois Tool Works Inc.

  Choe-Groves, Judge:  This matter returns to the court following the remand order in <u>United Steel and Fasteners, Inc. v. United States</u>, 41 CIT __, 203 F. Supp. 3d 1235 (2017) ("<u>United Steel</u>").  This court sustained the U.S. Department of Commerce's ("Commerce") conclusion that American Railway Engineering and Maintenance-of-Way Association ("AREMA") washers were included within the scope of the antidumping duty order covering certain helical spring lock washers from the People's Republic of China ("China"), but remanded Commerce's instructions to suspend liquidation of AREMA washers.  See <u>id.</u> at __, 203 F. Supp. 3d at 1241.  In the final scope ruling, Commerce instructed U.S. Customs and Border Protection to collect cash deposits and suspend liquidation of all unliquidated entries of AREMA washers retroactive to October 1993, which is the date that Commerce first suspended liquidation of merchandise subject to the antidumping duty order.  See Helical Spring Lock Washers from the People's Republic of China: Final Scope Ruling on Request from United Steel and Fasteners, Inc. at 9, PD 12, bar code 3144783-01 (July 10, 2013).  This court determined in <u>United Steel</u> that the suspension instructions were unlawful because Commerce exceeded its authority by ordering retroactive suspension of liquidation when issuing a final scope ruling that clarified the scope of an order.  See <u>United Steel</u>, 41 CIT at __, 203 F. Supp. 3d at 1255.  The court ordered Commerce to draft new suspension instructions accordingly.  See <u>id.</u>

  Commerce filed revised suspension instructions with the court on February 6, 2017.  See Results of Redetermination, Feb. 6, 2017, ECF No. 54–54-1.  The revised instructions "correct the effective date of the suspension of liquidation" and suspend liquidation of AREMA washers

Court No. 13-00270 Page 3

imported by United Steel and Fasteners, Inc. ("Plaintiff") from China entered, or withdrawn from warehouse, for consumption on or after July 8, 2013, which is the date that Commerce issued the final scope ruling. See id. at Annex ¶¶ 2, 5.

Plaintiff and Shakeproof Assembly Components Division of Illinois Tool Works Inc. ("Shakeproof") filed comments on Commerce's revised suspension instructions. See Pl.'s Comments on Department of Commerce's Results of Redetermination, Mar. 6, 2017, ECF No. 56 ("US&F Comments"); Comments of Def.-Intervenor on Commerce's New Suspension Instructions, Mar. 6, 2017, ECF No. 57 ("Shakeproof Comments"). Plaintiff commented that the revised instructions comply with the court's remand order. See US&F Comments 2. Shakeproof maintained that Commerce's original suspension instructions were lawful, but agreed that the revised instructions comply with the court's remand order. See Shakeproof Comments 1.

The court finds that Commerce has complied with the court's remand order and opinion in United Steel by correcting the effective date to suspend liquidation of AREMA washers. Because the revised suspension instructions comply with the court's remand order and no party challenges the instructions, Commerce's remand redetermination is sustained.

Judgment will be issued accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: April 17, 2017
   New York, New York